# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ADAM JASON GARCIA,

      Movant,

vs.                                                           No. CV 16-00355 JCH/KBM
                                                            No. CR 09-01766 JCH

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Movant, Adam Jason Garcia (CV Doc. 19; CR Doc. 98) ("Motion"). Movant Garcia seeks to have his conviction and sentence set aside based on the United States Supreme Court's rulings in *Johnson v. United States* and *Davis v. United States*. The Court determines that Movant Garcia is not eligible for § 2255 relief under either *Johnson* or *Davis* and will dismiss the Motion. The Court will also grant Movant Garcia a Certificate of Appealability.

## FACTUAL AND PROCEDURAL BACKGROUND

Movant Adam Jason Garcia was indicted on June 25, 2009. (CR Doc. 2). Garcia pled guilty to Carrying a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c)(1)(A) and Felon in Possession of a Firearm and Ammunition under 18 U.S.C. § 922(g)(1) with an Armed Career Criminal Act ("ACCA") enhancement under 18 U.S.C. § 924(e). (CR Doc. 42 at 1-2). In his Admissions of Fact, Garcia admitted to seven underlying New Mexico criminal convictions, including auto burglary, unlawful taking of a motor vehicle, four cases of robbery, and forgery. (CR Doc. 42 at 4-5). Garcia also admitted that he had knowingly possessed a Walther

1

P-22 semi-automatic pistol and ammunition in relation to the federal crimes. (CR Doc. 42 at 5). On April 13, 2011, Garcia was sentenced to 264 months of incarceration. (CR Doc. 48).

Garcia filed his first § 2255 motion to vacate or set aside his conviction on March 27, 2012. (CR Doc. 50). That § 2255 motion was dismissed on the merits by the Court. (CR Doc. 69, 70, 71). Movant Garcia then filed his second § 2255 motion on April 27, 2016. (CV Doc. 1; CR Doc. 81). In his second § 2255 motion, Garcia challenged the ACCA enhancement under 28 U.S.C. § 924(e) based on the United States Supreme Court's decision in *Johnson v. United States,* 576 U.S. 591, 135 S. Ct. 2551 (2015). (CV Doc. 1; CR Doc. 81). Garcia also filed a motion to stay pending Tenth Circuit authorization to file an amended § 2255 motion (CR Doc. 85) and a request for authorization for an amended § 2255 motion (CR Doc. 87). CR Doc. 81, 85, and 87 remain pending on the criminal docket in CR 09-01766 JCH.

As required by 28 U.S.C. § 2255(h), Garcia sought leave to proceed on a successive § 2255 motion from the United States Court of Appeals for the Tenth Circuit. (CR Doc 87). That request was abated by the Tenth Circuit on June 24, 2016. (CR Doc. 88). On December 23, 2019, the abatement was lifted by the Tenth Circuit and Movant Garcia was authorized to proceed on a successive 2255 motion. (CV Doc. 17; CR Doc. 95). The Court then entered its Order directing Garcia to file the authorized successive § 2255 motion setting out any claims Garcia may have under either *Johnson v. United States* or *Davis v. United States*, 588 U.S. ___, 139 S. Ct. 2319 (2019) no later than June 24, 2020. (CV Doc. 16; CR Doc. 96).

Movant Garcia filed his Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on June 24, 2020. (CV Doc. 19; CR Doc. 98) ("Amended Motion"). In his Amended Motion, Garcia raises two issues: (1) New Mexico Robbery cannot be a predicate

violent felony for the Armed Career Criminal Act under *Johnson*; and (2) Hobbs Act Robbery is not a predicate crime of violence under *Davis* and § 924(c). (CV Doc. 19 at 1; CR Doc. 98 at 1).

## APPLICABLE LAW ON *JOHNSON V. UNITED STATES,* *DAVIS V. UNITED STATES,* AND SECTION 2255 COLLATERAL REVIEW

Garcia seeks collateral review of his sentence under 28 U.S.C. § 2255. Section 2255 provides:

> "A prisoner in custody under a sentence of a court established by
> Act of Congress claiming the right to be released upon the ground
> That the sentence was imposed in violation of the Constitution or
> Laws of the United States, or that the court was without jurisdiction
> To impose such sentence, or that the sentence was in excess of the
> Maximum authorized by law, or is otherwise subject to collateral
> Attack, may move the court which imposed the sentence to vacate,
> Set aside or correct the sentence."

28 U.S.C. § 2255(a). Claims for collateral review of convictions and sentences are governed by a 1-year statute of limitations. Section 2255(f) sets out the 1-year statute of limitations:

> "A 1-year period of limitation shall apply to a motion under this
> section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes
> final;
> (2) the date on which the impediment to making a motion
> created by governmental action in violation of the
> Constitution or laws of the United States is removed,
> if the movant was prevented from making a motion by such
> governmental action;
> (3) the date on which the right asserted was initially recognized
> by the Supreme Court, if that right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases
> on collateral review; or
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

An untimely direct appeal or a motion to reduce sentence will not alter or toll the running of the one-year limitation period of § 2255(f).  *See United States v. Terrones-Lopez*, 447 Fed.App'x 882, 884-85 (10th Cir. 2011).

Because Garcia seeks collateral review more than a year after his sentence became final, he relies on the right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review in *Johnson* and *Welch v. United States,* 578 U.S. ___, 136 S.Ct. 1257 (2016).  See 28 U.S.C. § 2255(f)(3).  In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process.  135 S.Ct. at 2562-2563.  The predicate crime for an enhanced sentence under § 924(e) is transportation or possession of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year.  18 U.S.C. § 922(g). Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony."  18 U.S.C. § 924 (e)(2)(B).  The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague.  135 S.Ct. at 2555-2563.  The language of § 924(e)(2)(B)(i), which

defines "violent felony" to mean a crime that "has as an element the use, attempted use, or threatened use of physical force," is commonly referred to as the "element" or "force" clause. The "enumerated" clause is the language of § 924(e)(2)(B)(ii) that lists the crimes of burglary, arson, extortion, or the use of explosives as violent felonies. The Supreme Court expressly stated that its holding with respect to the residual clause does not call into question application of the Act to the four enumerated offenses or the remainder of the definition of a violent felony in § 924(e)(2)(B). 135 S.Ct. at 2563. Therefore, the *Johnson* decision has no application to sentences enhanced under the force or element clause of § 924(e)(2)(B)(i) or the enumerated clause of § 924(e)(2)(B)(ii).

In addition to *Johnson,* Garcia also relies on the United States Supreme Court's decision in *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319 (2019). On June 24, 2019, the U.S. Supreme Court struck down the residual clause of 18 U.S.C. 924(c)(3)(B) as constitutionally vague and invalid in *United States v. Davis*. Section 924(c) defines "crime of violence" to mean:

> "an offense that is a felony and—
>     (A) has as an element the use, attempted use, or threatened use
> of physical force against the person or property of another, or
>     (B) that by its nature, involves a substantial risk that physical
> force against the person or property of another may be used in the course
> of committing the offense."

18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court ruled that the residual clause language of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. The Court determined that this conclusion was compelled by its prior decisions in *United States v. Johnson* and *Sessions v. Dimaya,* 584 U.S. ___, 138 S. Ct. 1204 (2018). On September 3, 2019 the Tenth Circuit handed down a precedential opinion holding that *Davis* is retroactively applicable on collateral review. *United States v. Bowen,* 936 F.3d 1091 (10th Cir. 2019). The Tenth Circuit also held that the U.S. Supreme Court has made *Davis* retroactively applicable for purposes of second or successive § 2255 motions. *In re Mullins*, 942 F.3d 975 (10th Cir. 2019).

## ANALYSIS OF MOVANT GARCIA'S CLAIMS

**1. Garcia is Not Eligible For Relief Under *Johnson v. United States* because New Mexico Robbery is a Predicate Violent Felony:**

Garcia claims that New Mexico Robbery cannot be a predicate violent felony for the Armed Career Criminal Act ("ACCA") under *Johnson.* (CV Doc. 19 at 13-17; CR Doc. 98 at 13-17). Garcia's argument, however, has been rejected by the Tenth Circuit. *See, e.g., United States v. Manzanares,* 956 F.3d 1220, 1223 (10th Cir. 2020); *United States v. Velasquez,* 810 Fed. App'x. 655 (10th Cir. 2020). The ACCA defines "violent felony" as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). New Mexico's statute defines robbery as "the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence." N.M. Stat. Ann. § 30-16-2. "Therefore, the two basic elements of New Mexico robbery are theft and the use or threatened use of force." *State v. Bernal*, 140 N.M. 644, 146 P.3d 289, 294 (2006). Under the ACCA, " 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person."[1] *Johnson v. United States*, 559 U.S. 133, 138, 140, (2010) (quoting § 924(e)(2)(B)(i)).

In determining whether New Mexico robbery requires the use of physical force that is "capable of causing physical pain or injury to another person," the Court applies the categorical approach, focusing on the elements of the crime of conviction, not the underlying facts. *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017). The Court identifies the minimum force required by New Mexico law for the crime of robbery and then determines if that force categorically fits the ACCA's definition of physical force. *Id*. at 1264. The Court examines decisions from the New Mexico Supreme Court, supplemented by decisions from the New Mexico Court of Appeals, to determine whether there is a "realistic probability" that the minimum force

required to commit New Mexico robbery comports with the force required by the ACCA. *Id*.

The Supreme Court adopted a framework for analysis of whether a robbery crime constitutes an ACCA predicate felony in *Stokeling v. United States*, ––– U.S. ––––, 139 S. Ct. 544 (2019). In *Stokeling*, the Court examined the nature of physical force under the ACCA in the context of a Florida robbery statute. *Stokeling*, 139 S. Ct. at 550. The Supreme Court considered whether the force required to overcome a victim's resistance constituted physical force under the ACCA. *Id.* The Court ruled that ACCA force "encompasses the degree of force necessary to commit common-law robbery." *Id* at 555. The Court further concluded that common-law force does not require a particular degree of violence by the perpetrator or a particular degree of resistance from the victim. *Id.* at 550. Instead, theft becomes common-law robbery when any amount of force is used to overcome any amount of resistance. *Id.* For example, common-law robbery includes the force used to break a chain attached to a person as well as the force required "to pull a diamond pin out of a woman's hair when doing so tore away hair attached to the pin." *Id.* Because the ACCA includes the same level of force required to commit common-law robbery, the Court held that the ACCA "encompasses robbery offenses that require the criminal to overcome the victim's resistance." *Id.*

Application of *Stokeling* to New Mexico's robbery statute leads to the same conclusion. "[T]he two basic elements of [New Mexico] robbery are theft and the use or threatened use of force." *Bernal*, 146 P.3d at 294. New Mexico courts specify that theft of property "attached" to an individual or to his or her clothing becomes robbery only when the defendant uses "sufficient force so as to overcome the resistance of attachment." *State v. Curley*, 123 N.M. 295, 939 P.2d 1103, 1105 (N.M. Ct. App. 1997). "[T]he force or threatened use of force must be the lever that serves to separate the property from the victim." *State v. Hamilton*, 129 N.M. 321, 6 P.3d 1043, 1046

7

(N.M. Ct. App. 2000); *see also State v. Lewis*, 116 N.M. 849, 867 P.2d 1231, 1233 (N.M. Ct. App. 1993) ("[T]he use or threatened use of force must be the factor by which the property is removed from the victim's possession."). Compare *State v. Segura* (the defendant committed robbery when the force required to take the victim's tightly held purse caused her to lose her balance and fall) 81 N.M. 673, 472 P.2d 387, 387–88 (N.M. Ct. App. 1970) with *State v. Sanchez* (a defendant who merely picked a victim's pocket was not guilty of robbery because force or threat of force was not the "moving cause inducing the victim to part unwillingly with his property") 78 N.M. 284, 430 P.2d 781, 782 (N.M. Ct. App. 1967).

Because *Stokeling* makes clear that the force necessary to overcome a victim's resistance qualifies as violent force under the ACCA and New Mexico robbery requires force necessary to overcome a victim's resistance, the minimum amount of force needed to commit New Mexico robbery is violent force under the ACCA. *See United States v. Barela*, 768 F. App'x 821, 824 (10th Cir. 2019) (unpublished) (concluding that New Mexico robbery is predicate offense for ACCA under the *Stokeling* test). New Mexico robbery requires that "the force or threatened use of force ... be the lever that serves to separate the property from the victim." *Hamilton*, 6 P.3d at 1046. Therefore, New Mexico robbery is properly a predicate offense under the ACCA and Garcia is not entitled to § 2255 relief on that issue.

**2. Garcia is Not Eligible for Relief Under *Davis v. United States* Because Hobbs Act Robbery is a Crime of Violence Under the "Force" Clause of § 924(c):**

Garcia contends that Hobbs Act Robbery is not a predicate crime of violence under *Davis* and § 924(c). (CV Doc. 19 at 5-13; CR Doc. 98 at 5-13). The Court rejects Garcia's contention. As Garcia acknowledges, in prior precedential cases, Hobbs Act Robbery has been held to be a crime of violence under the force clause and, therefore, a proper predicate crime for purposes of

28 U.S.C. § 924(c)(3)(A). (CV Doc. 19 at 2,6; CR Doc. 98 at 2,6); *United States v. Melgar-Cabrera,* 892 F.3d 1053 (10th Cir. 2018).

Under 18 U.S.C. § 924(c)(1)(A), a defendant who "uses or carries" a firearm "during and in relation to any crime of violence" faces a five-year mandatory minimum sentence, to run consecutively to any sentence for the underlying offense. *See United States v. Johnson,* 32 F.3d 82, 85 (4th Cir.1994). If, during the commission of the crime of violence, "the firearm is discharged," the mandatory minimum sentence increases to ten years. *See* § 924(c)(1)(A)(iii). Section 924(c)(3) defines "crime of violence" to mean:

> "[A]n offense that is a felony and—
> (A) has as an element the use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3). Garcia contends that his Hobbs Act robbery conviction does not qualify as a crime of violence under the "force" or "element" clause of § 924(c)(3)(A) and, therefore, must come within the invalid residual clause language of § 924(c)(3)(B). Contrary to Garcia's argument, the robbery crime charged against Garcia clearly has as an element the use, or threatened use of physical force against the person or property of another and support enhancement of his sentence under § 924(c) without resort to the residual clause language.

To determine whether a prior conviction constitutes a crime of violence under the force or element clause, the Court employs a categorical approach. *United States v. Perez–Jiminez,* 654 F.3d 1136, 1140 (10th Cir.2011). The Court looks only to the fact of conviction and the statutory definition of the prior offense and does not generally consider the particular facts disclosed by the record of conviction. *United States v. Wray*, 776 F.3d 1182, 1185 (10th Cir. 2015). Where a statute defines multiple crimes by listing alternative elements, the Court utilizes a modified categorical

9

approach, which permits the Court to look at the charging documents to determine the elements under which the defendant was charged and convicted. *See Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 2248-49 (2016).

The Hobbs Act provides:

> "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery, or extortion or attempts to or conspires to do , or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under or imprisoned not more than twenty years, or both."

18 U.S.C. § 1951(a). The Hobbs Act defines "robbery" to mean:

> "The unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual of threatened force, or violence or fear of injury, immediate or future, to his person or property."

18 U.S.C. § 1951(b)(1). As Garcia concedes, in *United States v. Melgar-Cabrera,* 892 F.3d 1053 (10th Cir. 2018), the Tenth Circuit held that Hobbs Act Robbery has, as an element, the use or threatened use of force and is a crime of violence under 18 U.S.C. § 924(c)(3)(A). Therefore, Hobbs Act Robbery is a predicate crime of violence under the force clause rather than the residual clause of § 924(c)(3).

The Circuit courts are in agreement that Hobbs Act robbery is a crime of violence under the force clause of § 924(c). *See Hill,* 832 F.3d 135, 144 (2nd Cir. 2016) ("[W]e agree ... that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' "); *see also United States v. Howard*, 650 Fed. App'x 466, 468 (9th Cir. 2016) (explaining "that Hobbs Act robbery indisputably qualifies as a crime of violence under" § 924(c)(3)(A)) (internal quotes and brackets omitted); *see also In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) (holding that Hobbs Act robbery "meets the use-of-force clause

10

of the definition of a crime of violence under § 924(c)(3)(A)"); *Cf. United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) (concluding that defendant's Hobbs Act robbery conviction qualifies as a serious violent felony under 18 U.S.C. § 3559(c) because it "has as an element the use, attempted use, or threatened use of physical force against the person of another").

The courts have uniformly ruled that federal statutory crimes involving takings by force, violence, or intimidation, have as an element the use, attempted use, or threatened use of physical force. In *United States v. Boman,* 810 F.3d 534 (8th Cir.2016) the Eighth Circuit held that robbery in the special maritime and territorial jurisdiction of the United States under 18 U.S.C. § 2111 satisfied the similarly worded force clause in the Armed Career Criminal Act ("ACCA"), because it required a taking "by force and violence, or by intimidation." *Boman,* 810 F.3d at 542–43. The Second and Eleventh Circuits reached the same conclusion with respect to the carjacking statute, 18 U.S.C. § 2119. *See United States v. Moore,* 43 F.3d 568, 572–73 (11th Cir.1994); *United States v. Mohammed,* 27 F.3d 815, 819 (2d Cir.1994). The Fourth Circuit expressly stated in *Adkins,* that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' " *See* 937 F.2d at 950 n. 2 (quoting 18 U.S.C. § 924(c)(3)(A)). The courts have also consistently determined that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2, which contains force clause language nearly identical to the § 924(c)(3) force clause. *See Johnson v. United States,* 779 F.3d 125, 128–29 (2d Cir.2015); *United States v. Davis,* 915 F.2d 132, 133 (4th Cir.1990); *United States v. Maddalena,* 893 F.2d 815, 819 (6th Cir.1989); *United States v. Jones,* 932 F.2d 624, 625 (7th Cir.1991); *United States v. Wright,* 957 F.2d 520, 521 (8th Cir.1992); *United States v. Selfa,* 918 F.2d 749, 751 (9th Cir.1990). Under the law, a robbery "by force and violence" entails the use of physical force.

Contrary to Garcia's contentions, Hobbs Act robbery is a crime of violence under the force clause of § 924(c). *United States v. Melgar-Cabrera,* 892 F.3d at 1064-1066. *Melgar-Cabrera* is binding precedent on this Court and Garcia is not eligible for § 2255 relief under *Davis*. The Court will dismiss Garcia's *Davis* claim pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

## THE COURT WILL GRANT A CERTIFICATE OF APPEALABILITY

By statute, an appeal may not be taken from a final order in a proceeding under § 2255 unless the Court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Section 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under 28 U.S.C. § 2253(c)(1) and (3), the Court determines that Garcia has made a substantial showing of denial of a constitutional right. As set out, above, Garcia raises two issues: (1) New Mexico Robbery cannot be a predicate violent felony for the Armed Career Criminal Act under *Johnson*; and (2) Hobbs Act Robbery is not a predicate crime of violence under *Davis* and § 924(c). Garcia concedes that the issues he raises have been decided in binding, precedential opinions, but argues for the modification or reversal of existing law. This Court is bound by Tenth Circuit and Supreme Court precedent. Garcia's arguments that those precedents were incorrectly decided are better considered by a Court of Appeals rather than this District Court. The Court will, therefore, grant a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings.

**IT IS ORDERED:**

(1) Pending motions filed by Movant Adam Jason Garcia (CR Doc. 81, 85, 87) are **TERMINATED** as having been superseded and mooted by CR Doc. 98;

(2) the Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Movant, Adam Jason Garcia (CV Doc. 19; CR Doc. 98) is **DISMISSED** under Rule 4 of the Rules Governing Section 2255 Proceedings; and

(3) a Certificate of Appealability is granted.

_____
SENIOR UNITED STATES DISTRICT JUDGE